UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EUGENE JONES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:09CV118 HEA |
| MARVIN JOHNSON, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Eugene Jones (registration no. 180162), an inmate at Eastern Reception, Diagnostic and Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay any portion of the filing fee, and the Court will allow plaintiff to proceed without payment of an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4). Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued on the complaint.

## 28 U.S.C. § 1915(b)(4)

Normally, a prisoner seeking to bring an action in federal court must pay the entire amount of the Court's filing fee. *See* 28 U.S.C. § 1915(b)(1). However, § 1915(b)(4) states, "In no event shall a prisoner be prohibited from bringing a civil

action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."

In this case, plaintiff's prison account statement shows that plaintiff receives $7.50 per month in income. The account statement further shows that the state immediately removes the $7.50 per month to cover state court filing fees, leaving plaintiff with no assets. As a result, the Court will permit plaintiff to proceed without payment of any filing fee, pursuant to 28 U.S.C. § 1915(b)(4).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff,

unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Marvin Johnson (Caseworker, ERDCC), Diana Bellenger (same), Amanda Falcon (same), Jerry Bingham (same), Michael Layden (Functional Unit Manager), John Bain (same), Steve Larkins (Superintendent), Patricia Cornell (Deputy Director), Noel Mason (Caseworker), and Randy Hartrup (same). The complaint seeks monetary and injunctive relief.

Plaintiff alleges that he is unable to afford to buy basic hygiene items because the Missouri Department of Corrections takes all of the money out of his account each month to pay court filing fees. Plaintiff further alleges that he has asked each of the named defendants to provide him with basic hygiene items, such as toothpaste, but that they have each refused to do so. Plaintiff further alleges that, as a result of the deprivation, his teeth are decaying and becoming loose.

Plaintiff claims that defendants have not permitted him to send any mail, including legal mail. Plaintiff says that defendants have blocked his efforts to mail pleadings and motions in cases pending before this Court and the Missouri Supreme Court.

## Discussion

Upon review of the complaint, the Court finds that it survives initial review under 28 U.S.C. § 1915(e). As a result, the Court will order the Clerk to issue process or cause process to issue on the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

Dated this 3rd day of February, 2009.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE