UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EUGENE JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV118 HEA |
| | ) | |
| MARVIN JOHNSON, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss [Doc. #17]. Defendant Marvin Johnson has not joined in Defendants' Motion to Dismiss. Plaintiff opposes the motion. The parties have submitted memoranda in support of their respective positions. For the reasons set forth following, Defendants' motion is granted in part, and denied in part.

## Background

Plaintiff, Eugene Jones [Inmate Number 180162], brings this complaint pursuant to 42 U.S.C. § 1983. The complaint is filed against Marvin Johnson (caseworker), Diana Bollinger[1] (caseworker), Amanda Falcon (caseworker), Jerry Bingham (caseworker), Michale Layden (function unit manager), John Bain

---

[1]Plaintiff's original petition mistakenly listed defendant as Diana "Bellenger."

(function unit manager), Steve Larkins (superintendent), Patricia Cornell (deputy director), Noel Mason (caseworker) and Randy Hartrup (caseworker) (collectively, "Defendants"). Plaintiff is currently an inmate at Jefferson City Correctional Center; however, his claims stem from his confinement at Eastern Reception, Diagnostic & Correctional Center ("E.R.D.C.C.").

Plaintiff alleges that from May 2008 to October 2008, he was indigent and defendants denied him tooth paste, a tooth brush, mouth wash, body lotion, food, writing paper, envelopes, stamps, ink pens, pencils, a copy card, and hair grease. Plaintiff was unable to afford these items because his $7.50 monthly stipend from the State of Missouri was automatically being taken by the Missouri Department of Corrections to pay his outstanding state court filing fees. Further, he alleges that he was suffering from a serious medical condition about which defendants knew, or reasonably should have known, and to which each defendant was deliberately indifferent. He further alleges that defendants' denial of medical care, basic hygiene items, and legal supplies stood in violation of his statutory and Constitutional rights and caused him injury.

Plaintiff seeks $35,000 in damages for "pain, suffering, annoyance, mental stress, damaged teeth and underarms [sic] and private areas."[2] He has filed suit against Defendants in their individual capacity.[3]

**Standard**

In order to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-70 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556) "Where a complaint pleads facts that are merely consistent with' a defendant's liability, it 'stops short of the line between possibility

---

[2] Plaintiff's original petition sought injunctive relief, which–as his counsel pointed out–is mooted by his transfer to Jefferson City Correctional Center.

[3] Plaintiff's original petition brought claims against Defendants in their official and individual capacity. Plaintiff's counsel later withdrew the complaints against Defendants in their official capacity.

3

and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (quotation mark omitted).

The Court must engage in a two-step inquiry in order to determine whether an action fails to state a claim upon which relief can be granted. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Id.* at 1950-51. These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

**Discussion**

This motion was filed by Diana Bollinger, Amanda Falcon, Jerry Bingham, Michale Layden, John Bain, Steve Larkins, Patricia Cornell, Noel Mason and Randy Hartrup. Defendants argue that plaintiff has failed to state a § 1983 claim against them.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

In this case, plaintiff has not set forth any facts indicating that Bingham, Layden, Bain or Cornell were directly involved in, or personally responsible for, the alleged violations of his constitutional rights. Plaintiff merely lists them as defendants and fails to allege specific facts that link them to his alleged injuries. Plaintiff offers Exhibit P attached to his complaint, which shows a note from defendant Bingham answering a series of questions and indicating that his office does not have ink pens or writing materials. This alone does not rise to the level of

a casual link to, and direct responsibility for, the alleged deprivation of plaintiff's rights.

Plaintiff asserts constitutional violations by defendants Hartrup and Mason based on the fact that *previous* staff did not inform said defendants to provide him with indigent assistance, and because of their refusal to provide their names to plaintiff. Complaint at Exh.P. Both of these allegations are merely conclusory statements and fail to support a § 1983 claim.

As a result, the complaint against defendants Bingham, Layden, Bain, Cornell, Mason and Hartrup fails to state a claim upon which relief can be granted. The allegations directed toward these defendants lack sufficient factual matter to state a claim for relief that is plausible on its face. Therefore, plaintiff's claims against these defendants are dismissed.

Plaintiff's allegations against defendants Larkins, Bollinger, and Falcon are more firmly rooted. Plaintiff alleges that Superintendent Larkins reviewed and denied several requests for legal materials and basic hygiene items. *See* Complaint at Exh. C-E, G. Petitioner claims that Larkins' denial of these requests caused him injury.

On June 27, 2008, Bollinger met with plaintiff to discuss his pending Informal Resolution Request ("IRR"). Complaint at Exh. F. Bollinger denied the IRR and

stated, "We provide toilet paper and soap. You are provided $7.50 a month, how you choose to use that is up to you." *Id.* Plaintiff alleges that in light of his monthly $7.50 state tip being directed toward his outstanding state court costs, Bollinger's denial of basic hygiene items also stood in violation of his statutory and Constitutional rights and caused him injury.

Plaintiff also contends that Falcon unconstitutionally denied several of his indigent assistance requests. More specifically, plaintiff alleges that Falcon instructed him that he would need to choose between taking care of his hygiene situation or his legal situation, claiming that he cannot have both. *Id.*

Accepting plaintiff's allegations against Larkins, Bollinger, and Falcon as true, the Court finds that for pleading purposes they state a claim under § 1983. As a result, the motion will be denied as to the claims against these defendants.

Additionally, defendants argue that the entire complaint should be dismissed for plaintiff's failure to exhaust his administrative remedies under 42 U.S.C. § 1997(e). As to the motion to dismiss, the Court must take the allegations in the Complaint as true and construe those allegations in the light most favorable to plaintiff. The Complaint states that plaintiff already filed a grievance indicating that defendants denied his requests for medical and dental treatment. As such, the Court

accepts plaintiff's statements as true and hold, for the purposes of this motion, that plaintiff has exhausted his administrative remedies under 42 U.S.C. § 1997(e).

## Conclusion

Plaintiff's claims against defendants Bingham, Layden, Bain, Cornell, Mason and Hartrup fail to state a claim upon which relief can be granted; therefore, these claims will be dismissed. As a result, the only claims still pending in this action are those against defendants Marvin Johnson, Diana Bollinger, Amanda Falcon, Steve Larkins.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [doc. #17] is granted in part, and denied in part.

Dated this 18th day of November, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE