UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **EUGENE KENNETH JONES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 4:09 CV118 HEA |
| | ) |
| **MARVIN JOHNSON, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**OPINION, MEMORANDUM AND ORDER**

Plaintiff has filed this action under 42 U.S.C. § 1983 against several officials at Eastern Reception, Diagnostic & Correctional Center (ERDCC), alleging that his constitutional rights were violated when defendants denied him hygiene items and legal supplies. The matter is before the Court on Defendants' Motions for Summary Judgment, (Doc. No. 84).

**Facts and Background**

At the time of the allegations, Plaintiff was incarcerated at ERDCC. Plaintiff claims that he has been denied access to legal writing materials and basic hygiene items, such as a toothbrush, tooth paste, deodorant, and writing supplies because all of his $7.50 per month stipend has been taken for filing fees. Plaintiff claims to have repeatedly asked each of the defendants in person and/or in writing to provide him with basic hygiene items and basic legal supplies, but each request

was denied.

Plaintiff was sent an Inter-Office Memorandum, written by Defendant Larkins which stated that the items Plaintiff requested were not eligible to be purchased under Indigent Status.  Larkins further advised Plaintiff to contact his housing unit Caseworker and he would be provided toothpaste and a toothbrush.  Plaintiff did not receive either item, despite requests to Defendants Johnson and Falcon.  He filed an Informal Resolution Request asking for basic hygiene items and basic writing supplies.   Plaintiff's IRR was denied.  Plaintiff filed an Offender Grievance, which was denied, based on Defendant Larkin's conclusion that Plaintiff's IRR stage adequately address Plaintiff's issue.  Plaintiff appealed the denial by filing an Offender Grievance Appeal.

In September, 2008, Deputy Director Patricia Cornell ordered that Plaintiff was not entitled to legal materials but admitted that he was entitled to basic hygiene items and directed Defendant Larkin and his staff to provide Plaintiff with some basic hygiene items.

Defendant Larkin issued a directive ordering Housing Unit 5 to give Plaintiff basic hygiene items.  The items were not provided.  Plaintiff procured his own items in exchange for food and sexual acts from other inmates.

In this action, Plaintiff alleges that he is being denied basic hygiene items such as a toothbrush and toothpaste because of all of his money is removed from

his account as soon as it is deposited to pay court filing fees. Plaintiff claims that defendants will not provide him with such items, and they are forcing him to choose between having hygiene items and pursuing his claims in State court. Plaintiff contends that he has suffered great pain to his teeth, deterioration of his teeth and gums, looseness of his teeth, bleeding teeth and gums, potential loss of his two front teeth.  Plaintiff also claims he is being denied legal supplies, and that he has been hindered in his ability to prosecute and assist in the prosecution of his state and federal claims.

## SUMMARY JUDGMENT STANDARD

The standard for summary judgment is well settled.  In determining whether summary judgment should issue, the Court must view the facts and the inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.*, 409 F.3d 918, 921 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.*, 459 F.3d 918, 921 (8th Cir. 2006).  The moving party has the burden to establish both the absence of a genuine issue of material fact and show that it is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996).  Once the moving party has met this burden, the nonmoving party may not rest on the

allegations in his pleadings but by affidavit or other evidence must adduce specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256, *Littrell*, 459 F.3d at 921.

The nonmoving party must articulate and substantiate specific facts showing a genuine issue of material fact. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United Life of Omaha Life Ins. Co. v. Honea*, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed.R.Civ.P. 56(e)); "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986); *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on a factual issue. *Anderson*, 477 U.S. at 248; *Woods*, 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'" *Wilson v. Int'l Bus. Machs. Corp.,* 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted);" *Putnam v. Unity Health System*, 348 F.3d 732, 733--34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence

that would permit a finding in the plaintiff's favor. *Wilson* 62 F.3d at 241 (8th Cir. 1995); *Smith v. International Paper Co.*, 523 F.3d 845,848 (8th Cir. 2008). "The mere scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. 242 at 252; *Davidson & Assoc. v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005); *Smith*, 523 F.3d at 848.

## DISCUSSION

**Plaintiff's Eighth Amendment Claims**

To prove an Eighth Amendment violation, a prisoner must satisfy two requirements, one objective and one subjective. *Revels v. Vincent*, 382 F.3d 870, 875 (8th Cir. 2004). The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is subjective and requires that the inmate prove that the prison officials had a "sufficiently culpable state of mind." *Id*. Eighth Amendment cases are analyzed in light of the specific claim raised. In prison conditions claims, which include threats to an inmate's health and safety, the subjective inquiry is whether the prison officials were deliberately indifferent to a serious risk of harm to the inmate. *Farmer*, 511 U.S. at 834.

In their Motion for Summary Judgment, the ERDCC Defendants first argue that Plaintiff failed to satisfy the objective component of his Eighth Amendment

claim as he failed to present evidence to establish injuries as a result of his allegations. Defendants next claim that plaintiff has failed to allege direct involvement by Larkin. Defendants further argue that, upon checking, Plaintiff was found on several occasions to have toothpaste and a toothbrush

The Eighth Amendment's requirement that "humane conditions of confinement" be provided by prison officials, see *Farmer*, 511 U.S. at 832, "include[s] provision for basic hygiene." *Whittington v. Ortiz*, 307 Fed. Appx. 179, 186 (10th Cir. Jan. 13, 2009) (unpublished op.) (citing *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996)). "A long-term, repeated deprivation of adequate hygiene supplies violates inmates' Eighth Amendment rights." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). Moreover, policies forcing prisoners to choose between pursuing their legal rights and having hygienic products violate the Eighth Amendment. See *Whittington*, 307 Fed. Appx. at 189; *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996).

Nonetheless, "a prison official violates the Eighth Amendment only when two requirements are met." *Farmer*, 522 U.S. at 834. First, objectively, Plaintiff's deprivation must be "sufficiently serious." *Id*. The defendants' conduct must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Mere discomfort or temporary adverse conditions which pose no risk to health or safety do not implicate the Eighth

Amendment. *Whittington*, 307 Fed. Appx. at 187 (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).

Subjectively, the "prison official must have a sufficiently culpable state of mind." *Farmer*, 522 U.S. at 834.  Thus, a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Id*. at 837.

Defendants contend that Plaintiff cannot establish that he suffered damages as a result of any failure to provide hygiene items, including a toothbrush and toothpaste . Defendants further contend that they are entitled to qualified immunity because Plaintiff cannot point to any evidence that their conduct violated a constitutional right.  The Court disagrees.  "A long-term, repeated deprivation of adequate hygiene supplies violates inmates' Eighth Amendment rights." *Myers*, 101 F.3d at 544 (citing *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989)). Moreover, policies forcing prisoners to choose between pursuing their legal rights and having hygienic products violate the Eighth Amendment. See *Whittington*, 307 Fed. Appx. at 189 (prison policy that inmates must buy hygiene products and that they are not able to afford both hygiene products and constitutionally protected litigation violated Eighth Amendment); *Keenan v. Hall*, 83 F.3d at 1091 (material issue of fact precluded summary judgment where inmate alleged that prison

officials violated Eight Amendment by failing to provide inmate with basic hygiene products, forcing inmate to chose between legal supplies and hygiene products). Plaintiff has declared that his teeth are loose, and he has been advised he may lose his two front teeth.  The fact that Plaintiff had obtained these hygiene items, Plaintiff argues does not relieve Defendants of their duty to provide such basic necessities

Defendants contend that, even assuming plaintiff did not receive a toothbrush or toothpaste,  there is no evidence plaintiff suffered an actual, objectively serious, injury. Plaintiff has provided his institutional medical records, which reveal he frequently complained about tender and bleeding gums. The dental records also note that plaintiff had poor oral hygiene.  The denial of basic hygiene items such as a toothbrush and toothpaste for a sufficiently long period of time transcends mere discomfort or temporary adverse conditions. While there is no evidence directly linking Plaintiff's dental problems to ERDCC, Defendants' failure to provide hygiene items, Plaintiff has presented sufficient evidence to create a genuine issue of fact regarding whether plaintiff suffered injuries as a result of his allegations.

Defendant Larkin claims that Plaintiff has failed to allege direct involvement by him, however, Plaintiff controverts this by establishing that Defendant Larkin refused Plaintiff's requests for hygiene items, denied his grievance and then did not

ensure that Plaintiff received the items even after ordered to do so by Deputy Director Cornell.  "The subjective component requires that the official was both aware of factors from which the inference could be drawn that a substantial risk of serious harm exited, and he must also draw the inference." *Davis v. Oregon Cnty., Mo.*, 607 F.3d 543, 548-49 (8th Cir. 2010). Plaintiff has alleged that Defendants have violated his constitutional rights by failing to provide hygiene items. Plaintiff testified that he requested hygiene items and these items were not provided.

The undisputed facts reveal that plaintiff repeatedly complained to Defendants both informally and formally about his lack of hygiene items from his arrival at ERDCC. Plaintiff filed an IRR, a grievance, and a grievance appeal challenging Defendants' decision that he did not qualify for free hygiene items.  Plaintiff contends that, even after ordered by the Deputy Director to provide the items, Plaintiff did not receive them.  The court, finds that Plaintiff has set forth sufficient facts for a reasonable jury to find that Defendants were aware that Plaintiff was not being provided with dental hygiene items and were deliberately indifferent to a serious risk of harm due to the denial of these items.

Defendants also argue that they are entitled to qualified immunity on Plaintiff's Eighth Amendment claims. "Qualified immunity shields government officials from liability in a § 1983 action unless the official's conduct violates a

clearly established constitutional or statutory right of which a reasonable person would have known." *Brown v. City of Golden Valley*, 574 F.3d 491, 495 (8th Cir. 2009). To overcome a defendant's qualified immunity claims, the plaintiff must show that: "'(1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional . . . right; and (2) the right was clearly established at the time of the deprivation.'" *Baribeau v. City of Minneapolis*, 596 F.3d 465, 474 (8th Cir. 2010) (quoting *Howard v. Kansas City Police Dep't*, 570 F.3d 984, 988 (8th Cir. 2009)). "The law is clearly established if it gives the defendant officials 'fair warning' that their conduct violated an individual's rights when the officials acted." *Forrester v. Bass*, 397 F.3d 1047, 1054 (8th Cir. 2005). See also *Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (A right is "clearly established" if "a reasonable official would understand that what he is doing violates that right.").

If a state official violates a clearly established constitutional right, he is not entitled to qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982). As previously discussed, it is well established that inmates are entitled to basic hygiene items and that policies forcing prisoners to choose between pursuing their legal rights and having hygienic products violate the Eighth Amendment. See *Whittington*, 307 Fed. Appx. at 189; *Keenan*, 83 F.3d at 1091. See also *Myers*, 101 F.3d at 544. If plaintiff's allegations are true, a jury could find Defendants

deprived plaintiff of his constitutional rights under the Eighth Amendment. Thus, Defendants are not entitled to summary judgment on the basis of qualified immunity.

## Access to the Courts

Plaintiff alleges that he has been denied access to the courts because Defendants have failed to provide him with legal items, including paper and pencils.  Plaintiff claims that he was injured due to Defendants' actions in that he cannot prosecute and assist in the prosecution of his civil actions

Defendants have moved for summary judgment on Plaintiff's claim.  "To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." *Myers*, 101 F.3d at 544.

Inmates undeniably enjoy a constitutional right of access to the courts and the legal system. *Lewis v. Casey*, 518 U.S. 343, ---, 116 S.Ct. 2174, 2179, 135 L.Ed.2d 6 (1996); *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494-95, 52 L.Ed.2d 72 (1977). To protect that right, prisons must provide inmates with some access to legal materials or to legal assistance so that inmates can prepare and pursue complaints, and with some ability to mail these complaints and related legal correspondence once prepared. *Casey*, 518 U.S. at ---, 116 S.Ct. at 2180; *Bounds*, 430 U.S. at 824-28, 97 S.Ct. at 1496-98. Inmates do not have a right, however,

either to law libraries or to unlimited stamp allowances for legal mail.  Instead, the duty to make such arrangements is bounded by the inmates' right of meaningful access to the courts. *Casey*, 518 U.S. at ---, 116 S.Ct. at 2180; *Bounds*, 430 U.S. at 828, 97 S.Ct. at 1498.  *Id.*

Despite Plaintiff's broad allegations of injury, Plaintiff has failed to demonstrate he was prejudiced due to a lack of access to the courts.  Plaintiff has been appointed counsel in this matter, and has not presented any evidence that he has been prejudiced by dismissal of his claims in any court.   Without such evidence, Plaintiff has failed to satisfy his burden of establishing damage. The court finds that plaintiff has failed to establish a genuine issue of material fact that he was denied access to the courts. Thus, Defendants' Motion for Summary Judgment will be granted as to this claim.

## Conclusion

Based upon the foregoing analysis, Defendants have failed to establish there exists no genuine issue as to the material facts with regard to Plaintiff's Eighth Amendment claim, and therefore, summary judgment is not appropriate.

However, Plaintiff has failed to withstand the challenge to his access to the court claim, and therefore, Defendants are entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary

Judgment, (Doc. No. 84),  is granted as to Plaintiff's access to the courts claim and denied as to Plaintiff's Eighth Amendment cruel and unusual punishment claim.

**IT IS FURTHER ORDERED** that judgment will be entered at the conclusion of all matters pending herein.

Dated this 7th day of January, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE