# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| EUGENE K. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:09CV118 HEA |
| | ) | |
| MARVIN JOHNSON, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' TRIAL BRIEF

Defendants Stephen Larkins, Amanda Falcon, Marvin Johnson, Diana Bollinger, Jerry Bingham, Mike Layden, John Bain, Noel Mason, and Randy Hartrup, by and through their undersigned counsel, hereby file the following Trial Brief.

## Introduction

Plaintiff is a prisoner incarcerated at Southeast Correctional Center ("SECC") in the Department of Corrections ("DOC") for First Degree Robbery. At the time at issue, Plaintiff was incarcerated at Eastern Reception Diagnostic and Correctional Center ("ERDCC"). Plaintiff brings this action under 42 U.S.C. § 1983, alleging Defendants were deliberately indifferent because Defendants knew he was incarcerated under conditions posing a substantial risk of serious harm because Plaintiff did not have a toothbrush

1

and toothpaste and Defendants did not provide him with the items for free.

**Argument**

The Eighth Amendment protects inmates from "only the unnecessary and wanton infliction of pain constitu[ing] cruel and unusual punishment." *Whitley v. Albers,* 475 U.S. 312, 319 (1986). For the first prong of an Eighth Amendment conditions of confinement claim a plaintiff must show he was "incarcerated under conditions posing a substantial risk of serious harm." *Id*. Plaintiff must show "extreme deprivations" because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The deprivation must be so extreme that society would not tolerate "exposing anyone unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993). ). "[A] minimal deprivation does not violate the Constitution." *Green v. Baron*, 879 F.2d 305, 309 (8th Cir. 1989) (citation omitted); *Cosby v. Purkett*, 782 F. Supp. 1324, 1329 (E.D. Mo. 1992) (dismissing plaintiff's claim that he did not receive basic hygiene items when plaintiff "failed to demonstrate any specific injury directly caused by the alleged deprivations."). Further, discomfort alone does not create a sufficiently serious objective deprivation, but some injury must be shown. *Williams v. Delo*, 49 F.3d 442, 446 (8th Cir. 1995). Where a denial of hygiene items is alleged, a prisoner must prove that the "punishment" imposed

amounted to a denial of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted).

Although a long-term, repeated deprivation of adequate hygiene supplies violates inmates' Eighth Amendment rights, prisons have the discretion to regularly provide these supplies to inmates free of charge, **or** they may give inmates a sufficient allowance with which to buy them. *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996) (citation omitted, emphasis added

Defendants believe the evidence will show that Plaintiff was not without a toothbrush and toothpaste for a substantial period of time. Further, Plaintiff will not present any expert testimony to establish any injury to his teeth. It is uncontroverted that at all times Plaintiff had access to the medical staff, including dentists. Plaintiff's records do not support Plaintiff's allegations that he was injured by Defendants. Rather, the records show that Plaintiff had dental hygiene issues prior to entering the Department of Corrections and any dental injury he has is the result of years of poor oral hygiene. In fact, Plaintiff's medical records indicate he frequently visited the dentist in the DOC and had dental procedures done to correct conditions that existed prior to the allegations in this case.

Second, a plaintiff must show the prison official knew he "face[d] a substantial risk of serious harm and disregard[ed] that risk by failing to take

reasonable measures to abate it." *Farmer*, 511 U.S. at 847. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. Prison officers cannot be liable if the record shows "that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger, or that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." *Id.* at 844. "In addition, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.*

Moreover, "to be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety...." *Wilson v. Seiter*, 501 U.S. 294, 305-06 (1991) (quoting *Whitley*, 475 U.S. at 319). Negligence, and even gross negligence, do not amount to deliberate indifference. *Estelle v. Gamble*, 429 U.S. at 103 (97 S.Ct. 285).

Plaintiff cannot show that Defendants were aware that he was incarcerated under conditions posing him a serious risk of harm because Defendants were aware that Plaintiff received the monthly stipend to purchase items of his choice. Defendants were also aware that Plaintiff had

4

access to a dentist.

Importantly, once it was determined that Plaintiff could receive free hygiene items, despite already receiving the monthly stipend, Plaintiff did not inform Defendants that he was approved to receive these items for free. When it comes to basic hygiene items, prisoners bear some responsibility toward maintaining their own hygiene. *Scott v. Carpenter*, 24 F. App'x 645, 648 (8th Cir. 2001). Failing to follow up on requests for hygiene items, even if the requests were initially denied, is evidence that Plaintiff's choices were what caused the deprivation, even if Defendants "could and probably should have done more to accommodate" Plaintiff's request. *Id*. Because Plaintiff received a monthly stipend and failed to follow up once he was granted free hygiene items, Defendants are entitled to judgment as a matter of law.

**Defendants are Entitled to Qualified Immunity.**

Qualified immunity from suit under 42 U.S.C. § 1983 is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). Qualified immunity should be granted when either of two elements has been satisfied. First, if the officer's conduct did not violate a constitutional right. *Pearson v. Callahan,* 555 U.S. 223, 232, (2009). Second, the plaintiff's constitutional right that was violated was not clearly established at the time of the alleged

5

misconduct. *Id.* A court may consider either element of qualified immunity first. *Id.* at 236. If a court determines the plaintiff's right was not clearly established, it need not analyze the second element but instead should grant the defendant qualified immunity. *Id.*

As stated previously, Plaintiff will present insufficient evidence to show Defendants violated his constitutional rights. It follows that Defendants did not violate any clearly established constitutional rights of the Plaintiff. The parties agree that Plaintiff received the $7.50 monthly stipend. Hygiene items were available to Plaintiff at the prison canteen for less than $7.50. In addition, there is no dispute that Plaintiff was provided free dental care at all times relevant.

Plaintiff's complaint is that due to his over 11 pending lawsuits, his stipend was withdrawn by the State of Missouri to pay his excessive court filing fees. It is not clearly established, however, that when Plaintiff chooses to file a multitude of lawsuits that DOC has to provide Plaintiff with both the stipend and free hygiene items. *Myers*, 101 F.3d at 544. Defendants fulfilled their duty in ensuring Plaintiff was receiving his monthly stipend. Consequently, Defendants are entitled to qualified immunity.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General


*/s/ Jaclyn A. Kinkade*
Mary Delworth Morris, 60921MO
Jaclyn A. Kinkade
Assistant Attorney General
Missouri Bar No. 63935
P.O. Box 861
St. Louis, MO 63101
Telephone: (314) 340-7880
Fax: (314) 340-7029
Email: Jaclyn.Kinkade@ago.mo.gov

COUNSELS FOR DEFENDANTS


**CERTIFICATE OF SERVICE**

I hereby certify on this 24th day of June, 2014, the foregoing was filed with the Clerk of the Court via ECF to be served upon the following:

James Wyrsch
Khazaeli Wyrsch LLP
911 Washington Ave., Suite 211
St. Louis, MO 63101


*/s/Jaclyn Kinkade*
Assistant Attorney General