UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EUGENE JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:09-CV-118 HEA |
| | ) |
| MARVIN JOHNSON, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**TRIAL BRIEF**

**Factual Background**

Plaintiff Eugene Kenneth filed this lawsuit while incarcerated at the Eastern Reception, Diagnostic & Correctional Center ("ERDCC") in Bonne Terre Missouri after being denied access to hygiene products.  Plaintiff is an indigent prisoner.  The Missouri Department of Corrections ("MDC") is required to provide a monthly stipend of at least $7.50 to all prisoners.  This stipend is the only source of income for Plaintiff and without this stipend.  Plaintiff did not have sufficient funds to purchase basic hygiene items.

From at least May 2008 until the date Plaintiff was transferred to Jefferson City Correctional Center ("JCCC"), MDC automatically withdrew Jones' entire $7.50 stipend from his inmate account to pay filing fees for cases Plaintiff filed in state and federal court.  During that time Plaintiff repeatedly asked each of the defendants in person and/or in writing to provide him with basic hygiene items, such as a toothbrush and toothpaste but each request was denied.

MDC Procedure No. IS8-6.1 expressly entitles inmates who have not had funds within the previous 30 days to basic hygiene items, defined as soap, toothpaste, toothbrush, razor,

1

shampoo and deodorant.  Defendants Johnson, Falcon, Bollinger and Larkins were responsible for providing basic hygiene supplies.  In May 2008, Plaintiff discussed his request for hygiene items and his indigent status with his Caseworkers Defendants Johnson and Falcon.  However, Defendant Johnson refused Plaintiff's request for hygiene items.  After speaking with Defendant Johnson, in May 2008, Plaintiff sent a letter to Defendant Larkins requesting the basic hygiene items, indicating that his monthly $7.50 stipend was consumed by filing fees and that he was unable to provide basic hygiene items for himself.

In June 2008, Defendant Larkins sent Plaintiff an Inter-Office Memorandum stating, "[t]he items you request are not eligible to be purchased under Indigent Status. You can contact your housing unit Caseworker and they can provide you with toothpaste and a toothbrush.  This should resolve your concerns."  Despite requests to Defendants Johnson and Falcon, Plaintiff did not receive a toothpaste or toothbrush so in June 2008, Plaintiff filed an Informal Resolution Request ("IRR"), asking for basic hygiene items, citing IS8-6.1, and indicating that prison officials had refused to give him basic hygiene items and have informed him that he will have to choose between legal matters and hygiene matters.

Plaintiff then met with Defendant Bollinger to discuss his requests for basic hygiene items.  In July 2008, Plaintiff's IRR was denied.  After his request was denied, Plaintiff filed an Offender Grievance, citing IS8-6.1, and stated that: 1) he requested basic hygiene items such as a toothbrush and toothpaste; 2) all of his previous requests had been denied; 3) the officials upon whom he had made repeated requests were aware that his $7.50 monthly income was automatically withdrawn by the MDC to pay for legal fees; 4) Defendants Johnson, Larkins and other prison officials had directed prison staff to ignore his requests for basic hygiene items; and 5) prison officials informed him that he would have to choose between fighting his legal issues

and accessing hygiene items.

In August 2008, Defendant Larkins denied Plaintiff's request for basic hygiene, stating that "the response you received at the IRR stage adequately addressed your issue.  Therefore, your grievance is denied."  After receiving Larkins's denial, Plaintiff filed an Offender Grievance Appeal, that same month, again requesting basic hygiene items, citing IS8-6.1, and indicating that his requests for basic hygiene items had been repeatedly denied.  In September 2008, Deputy Director Patricia Cornell ("Cornell") ordered that Plaintiff was entitled to basic hygiene items pursuant to IS8-6.1, and directed Defendant Larkins and his staff to provide Plaintiff with basic hygiene items.

In October 2008, five months from the time Plaintiff initially requested the items, Cornell issued the resolution of Plaintiff's grievance appeal and determined that Plaintiff's grievance was wrongfully denied and that he was entitled to basic hygiene items.  Defendant Larkins issued a directive ordering Housing Unit 5 to give Plaintiff basic hygiene items, but the other members of Housing Unit 5 did not follow the directive, did not provide Plaintiff basic hygiene items, and did not maintain a basic hygiene log, as ordered by Cornell and Defendant Larkins.  Larkins made no attempt to follow-up on this directive to ensure Plaintiff received his hygiene items.

Because the requests by Plaintiff for the promised hygiene products went ignored by the staff of Housing Unit 5, Plaintiff was forced to exchange food and provide sexual acts to obtain the hygiene items that Defendants refused to provide him.  The failure to be regularly given these basic supplies resulted in damages to Mr. Jones's health, including bleeding gums, tooth ache, tooth decay, and loose teeth.  Doctors have also told Mr. Jones that he will likely lose his two front teeth.

All of the Defendants either worked in Housing Unit 5 or were, as described above,

otherwise involved in the denial of providing basic hygiene items to Mr. Jones.

## Legal Issues

As the Court has already held in denying Defendants' Motion for Summary Judgment, the Eighth Amendment's requirement that "humane conditions of confinement" be provided by prison officials, see *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "include[s] provision for basic hygiene." *Whittington v. Ortiz*, 307 Fed. Appx. 179, 186 (10th Cir. Jan. 13, 2009) (unpublished op.) (citing *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996)). "A long-term, repeated deprivation of adequate hygiene supplies violates inmates' Eighth Amendment rights." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). Moreover, policies forcing prisoners to choose between pursuing their legal rights and having hygienic products violate the Eighth Amendment. *See Whittington*, 307 Fed. Appx. at 189; *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996).

Defendants have admitted that they did not provide these hygiene items to Jones and they repeatedly denied his request for hygiene items. Even after prison officials reversed their decision and ordered the officials to provide these hygiene items to Jones, the uncontradicted evidence established that prison officials did not provide hygiene items to Jones. As a result of the deprivation of constitutional rights, Jones was injured and suffered damages because this deprivation of hygiene items caused pain, humiliation and emotional distress. Defendants' actions were malicious, especially in light of their refusal to comply with the Department of Corrections' own order. Accordingly, Jones is entitled to punitive damages.

5

        Respectfully submitted,

        KHAZAELI WYRSCH LLP

By:    /s/ James R. Wyrsch
        James R. Wyrsch, #53197
        911 Washington Avenue, Suite 211
        St. Louis, MO  63101
        (314) 288-0766 (Phone)

Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

   A true and accurate copy was served by the Court's electronic filing service to all counsel of record on June 26, 2014.

                  /s/ James R. Wyrsch